HERBERT MARSHALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELIZABETH R. MARSHALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3318, 3319.   Promulgated November 5, 1945.

*George F. Meitner, C. P. A.*, for the petitioners.
*Byron M. Coon, Esq.*, for the respondent.

OPINION.

TURNER, *Judge*: Petitioners contend that the payments for legal fees and expenses were ordinary and necessary for the conservation of property held for the production of income. Respondent's contention is that the expenditures were nothing more than personal.

Since the briefs have been filed in this case, the United States Supreme Court rendered its opinion in *Bingham Trust* v. *Commissioner*, 325 U. S. 365, in which it held that the taxpayer trustees were entitled to deduct as nonbusiness expenses, under section 23 (a) (2) of the Internal Revenue Code, counsel fees and expenses paid in contesting unsuccessfully an income tax deficiency and fees paid for legal advice in connection with the payment of a cash legacy and in connection with tax and other problems arising upon expiration of the trust and relating to the final distribution of a trust fund among three residuary legatees. On July 19, 1945, this Court, in *Howard E. Cammack*, 5 T. C. 467, followed the Supreme Court's decision in the *Bingham* case, and held that legal fees incurred in connection with litigation for refund of income taxes that were paid as a result of disallowance of a deduction were deductible under section 23 (a) (2), *supra*.

The rationale of these cases is applicable to petitioner Herbert Marshall, and the deductions claimed by him for legal fees and expenses paid during the taxable years shall be allowed.

The deductions claimed by petitioner Elizabeth R. Marshall for the legal fees and expenses paid during the taxable years are disallowed, for the reason that such expenditures were for services rendered to someone other than this petitioner to conserve community

income in which she had no interest. The liabilty was related to the community of Herbert Marshall and his former wife. It had no connection with the community of petitioners.

*Decisions will be entered under Rule 50.*